Ransom v. Gentry County.

———————

DANIEL RANSOM, Respondent, v. GENTRY COUNTY, Appellant.

1. *County, liability of for expense of guarding prisoner — Change of venue — Failure of county to build jail.* — Where a prisoner indicted for a felony in one county is removed by change of venue to another, not provided with a sufficient jail, the former county is not liable for the expenses of guarding the prisoner in the latter, when the cost arose from a failure of the county to provide such jail. The county failing to provide the jail must bear the expense. (See Wagn. Stat. 787, §§ 19, 20.)

*Appeal from Gentry Circuit Court.*

*Caldwell, Heren* and *Reed*, for appellant.

The expenses were all incident to the trial of the prisoner, and as he was charged with a felony, the State was liable for the expenses incident to his trial, and not the county of Gentry. (Wagn. Stat. 348, §§ 1–4; *id.* 625, § 14.)

*Lewis, Strong* and *Hedenburg*, for respondent.

Under the statute (Wagn. Stat. 787, §§ 19–20; *id.* 351–2, § 19) the judgment is correct as far as it goes. But the judgment of the court ought to have been for the whole bill.

BLISS, Judge, delivered the opinion of the court.

William A. Hundley was indicted for murder in the Circuit Court of Gentry county; a change of venue was awarded to DeKalb county, and it became the duty of the sheriff of Gentry to transfer the prisoner to said county. (Gen. Stat. 1865, ch. 212, § 28.; Wagn. Stat. 1098.) But there being no sufficient jail in DeKalb, the prisoner was taken to the Buchanan county jail; thence he was taken for trial to the DeKalb Circuit Court at the March term, 1869, when the cause was continued, and he was remanded. At the September term following he was tried and convicted. The plaintiff, who was sheriff of DeKalb county, makes out a bill of costs against the appellant; and, upon an agreed state of facts, the question of the liability of the county to pay the bill was submitted to the Gentry Circuit Court. The bill embraced costs for guarding and transporting the prisoner, and for guarding him during the two terms of court at which he appeared. The Circuit Court allowed the items for guarding the prisoner during such terms, and gave judgment for the amount, but rejected the others. Both parties complain of its action, although the defendant alone appeals.

It is not disputed that, for the taxable costs, the State and not the county is liable; but the county was held liable for those items because there was no jail where the cause was tried, and it became necessary for the sheriff to guard the prisoner. It was the duty of the sheriff where the prisoner was confined to produce him before the Circuit Court of the county appointed for his trial. (Gen. Stat. 1865, ch. 223, § 22; Wagn. Stat. 787.) And when so produced and delivered to the sheriff of such county, what is to be done with him? The sheriff must take charge of him; and if there is no jail, or if the jail be insufficient, the prisoner must be guarded, under the provisions of section 19 of the chapter last referred to.

The statute makes no provision for taxing in the bill of costs the expenses of thus guarding the prisoner; hence the State cannot be required to pay them. But their payment is expressly charged upon the county by section 20 (Wagn. Stat. 787), which

reads as follows : " The expenses of said guard to be audited and paid as other county expenses."

The reason for thus charging the counties with the expenses of guarding prisoners charged with felonies, instead of the State, which pays the other costs, arises from the fact that the law requires them to build jails ; and if they neglect so plain a duty, the State at large ought not to suffer in consequence. But the county of Gentry was not thus in fault ; and it does not appear that if there had been no change of venue, any such guarding would have been necessary, nor could its authorities prevent the remanding of its prisoners to other counties for trial. The neglect was in the authorities of DeKalb county. They had furnished no place for the safe-keeping of prisoners to be tried by its court, and the obligation to furnish such place is just as imperative where there has been a change of venue, as where the offense was committed within the boundaries of the county.

The language of the statute also refers to the county where the prisoner is held in custody. The expense can only be incurred " with the sanction of the judge of the court having criminal jurisdiction for his (the sheriff's) county, or any two justices of the County Court of his county," and must " be audited and paid as other county expenses."

We could not find that the authorities of one county are authorized to incur expenses in a great measure discretionary, to be charged to another county, unless the statute plainly so provides ; hence the manner in which the expense is incurred, as well as the reason for the necessity of incurring it, and the natural meaning of the language of the statute, compel us to find that the Circuit Court erred in charging this expense to Gentry county ; and the other judges concurring, its judgment will be reversed.